42      SUPREME COURT OF NEW MEXICO,

State ex rel. Cobb v. Raithel, 24 N. M. 42.

[No. 2114, May 7, 1918.]

## STATE ex rel. COBB et al. v. RAITHEL et al., Board of Education.

### SYLLABUS BY THE COURT.

1. In quo warranto proceedings the writ upon the relation of a private citizen is not, as a general rule, a writ of right, nor is leave now granted as a matter of course; a petition to file a writ in the nature of quo warranto being addressed to the discretion of the court.          P. 44

2. In the exercise of this discretion it is said that the writ may be denied on the ground of public policy or in consideration of general justice, all the circumstances being considered, and the question determined from a standpoint of public interest; and thus the court may deny an application for leave to file an information, although the facts are such that, if the proceeding was entertained, judgment would have to be given against the respondent.

P. 44

3. Evidence examined. Held to show no abuse of judicial discretion in dismissing a rule to show cause why leave should not be granted to file an information in the nature of quo warranto.          P. 45

Appeal from District Court, Luna County; Ryan, Judge.

Rule to show cause why leave should not be granted to State of New Mexico, on relation of J. N. Cobb and others, to file an information in the nature of quo warranto against A. C. Raithel and others, as members of the Board of Education of the Village of Deming. From an order discharging the rule, relators appeal. Affirmed.

## STATEMENT OF FACTS.

This appeal is taken from an order of the district count for Luna county, discharging a rule to show cause why leave should not be granted to file an information in the nature of quo warranto against appellees to oust them from their offices as members of the board of education of the village of Deming. The facts are substantially as follows: At the school election held in Deming on the first Tuesday in April, 1917, pursuant to section 4870 et seq., Code 1915, there were to be elected three members of the board of education for the full term of four years, and one member for two years to fill an unexpired term. Relators and respondents were candidates at this election, the returns and canvass showing that respondents received, respectively, 362, 348, 345 votes, while relators received, respectively, 104, 108, and 113 votes. Of the votes canvassed for the respondents, 300 were upon a printed ballot called the "election ticket," upon which four names appeared and were voted for without any marking to indicate which were voted for the four-year term and which for the two-year term. These ballots, relators claim, were void for uncertainty, and should not have been counted, and that had they been thrown out the votes received by the relators were sufficient to have elected them. Pursuant to the returns and canvass, certificates of election were delivered to the respondents, which certificates indicate no distinction between the four-year and the two-year terms, and relators claim that these certificates are also void for uncertainty. Pursuant to the certificates of election, respondents took possession of the offices in question, and now hold them. The votes cast for the relators Cobb and Schurtz were for the full term, and those cast for relator McCreary were "to fill unexpired term." But no distinction was made by the election judges or the canvassers in counting, returning, or canvassing these ballots as between the full and the unexpired terms, and the 113 ballots cast for relator McCreary for the unexpired term were counted, returned, and canvassed mere-

ly as received "for member of Bd. of Ed." So far as known and so far as shown by the record, no votes were cast for the unexpired term except the 113 votes for relator McCreary. An affidavit by one Edward Pennington was incorporated in the record as a part of the agreed statement of the case, to which was appended as exhibits the ballots used at the election in question, from which exhibits it would appear that there was no party emblem at the head of either ballot, nor did they contain an indorsement as to their official character or fac simile signature of the county clerk.

H. L. PATTON, Attorney General, and VAUGHT & WATSON, of Deming, for appellants.

R. F. HAMILTON, A. W. POLLARD, and A. A. TEMKE, all of Deming, for appellees.

### OPINION OF THE COURT.

HANNA, C. J. (after stating the facts as above). [1] While there are numerous assignments of error presented by the brief of appellants raising troublesome questions, yet this case, in our opinion, turns upon but one point, i. e., whether the trial court abused its discretion in discharging the rule to show cause. In this connection, as stated in 32 Cyc. 1433, in quo warranto proceedings:

"The writ upon the relation of a private citizen is not, as a general rule, a writ of right, nor is leave now granted as a matter of course, a petition to file a writ in the nature of quo warranto being addressed to the discretion of the court."

See also High's Ex. Leg. Rem. (3d Ed.) § 605.
[2] In the exercise of this discretion it is said that the writ may be denied on the ground of public policy or in consideration of general justice, all the circumstances being considered, and the question determined from a standpoint of public interest; and thus the court may deny an application for leave to file an information,

JANUARY TERM, 1918.        45

State ex rel. Cobb v. Raithel, 24 N. M. 42.

although the facts are such that if the proceeding was entertained, judgment would have to be given against the respondent. 32 Cyc. 1434. Many authorities are cited in support of the text quoted, to which we will not particularly refer.

[3] The trial court, in an able opinion, reviewed at length his reasons for discharging the rule. These grounds assigned are, to some extent, objected to by appellants on the ground that they are not supported by the record. While in many respects this contention may be true in some degree, we do not think it necessary to stand on the questioned conclusions of the trial court, as there are doubtless ample grounds which cannot be objected to, to support his conclusion. The trial court said that if the writ be granted and the case decided upon strict legal rules, the certificates of election would be held void for uncertainty, and the respondents ousted from office. The court pointed out that the writ, when granted, exhausts its force when it ousts the respondents from office, and could not operate to install relators into office; that should the respondents be ousted, the relators in this case would then have to proceed by mandamus to compel the clerk of the village of Deming to issue to them certificates of election. In that proceeding they would be required to stand on the validity of their own title. The court concluded that the ballots cast for the relators and for the respondents as well were not valid or in conformity with the statute relative thereto. He said that the situation, in view of this condition, would be that in the mandamus proceeding the relators could not be installed into office, with the result that the village of Deming would have but one school director, or as a result of entertaining the proceeding the school would be without a managing board; that vacancies in the board can only be filled by the board itself, and, there being insufficient members thereof, as a result of the litigation referred to, to constitute a quorum, the board could not make appointments to fill such vacancies. The trial court therefore held that

it was for public interest that the litigation should be terminated. In his conclusion in this respect we find no abuse of discretion, but, on the contrary, the exercise of sound discretion.

By section 4872, Code 1915, relative to the election of boards of education in incorporated towns and villages, it is provided that the elections shall be held, returns thereof made and canvassed, and certificates of election issued, in accordance with the laws applicable to the election of officers in incorporated towns and villages, except that no registration shall be required. By section 3591, relating to elections for municipal corporations, it is provided that all elections for municipal officers shall, in all respects, be held and conducted in the manner prescribed by law in cases of county elections. By section 1993, prescribing the form and method of furnishing ballots for county elections, it is provided that the county clerk of each county shall provide printed ballots for every election for public officers in which the electors, or any of the electors within the county participate, and that ballots other than those printed by the county clerks shall not be cast, counted, or canvassed in any election, further providing that each ballot shall have printed thereon an indorsement substantially as follows: Official Ballot. Election held ——— (insert date), with the fac simile signature of the county clerk.

The election in question was held before the Australian ballot law of 1917 (Laws 1917, c. 89) became effective, and was, in our view of the matter, governed by the statutory provisions referred to above. In view of our conclusion in this respect, we find that the trial court was not in error in dismissing the rule to show cause.

The judgment of the trial court will therefore be affirmed; and it is so ordered.

PARKER and ROBERTS, J.J., concur.